THE MOLINE PLOW COMPANY, *Plaintiff in Error*, v.
WENGER *et al.*

Assignment for Benefit of Creditors: FRAUD: EQUITY. Plaintiff
procured from its debtor a trust deed on his land to secure its claim,
and on this being discovered by other creditors, they threatened
proceedings in bankruptcy against the debtor unless the deed of
trust was released, and thereupon, by consent of all the parties,
the debtor transferred all his assets to an assignee for distribution
among all his creditors, and plaintiff released the land from the
deed of trust. The assignee gave bond, but the deed of assign-
ment was not filed for record, the assignee having been informed
by the plaintiff's attorney that the recording was unnecessary.
The assignee made distribution of all the assets realized, but was
unable to dispose of the land at a fair price for nearly three years,
when suit was brought by plaintiff to set aside the conveyance to
the assignee and the release of the deed of trust, on the ground
that the same were obtained on false and fraudulent representa-
tions. *Held*, that the bill was rightly dismissed.

*Appeal from Morgan Circuit Court.*—HON. E. L.
EDWARDS, Judge.

AFFIRMED.

*James E. Hazell* and *Draffen & Williams* for plain-
tiff in error.

(1) The plaintiff is entitled to have the deeds of
release cancelled and its lien against the land enforced.
Wenger and the other creditors of Good having aban-
doned part of the agreement, it should be rescinded *in
toto*. *Life Ass'n v. Cravens*, 60 Mo. 388; *Estes v. Rey-
nolds*, 75 Mo. 563. (2) The creditors did not carry out
the agreement. As in a composition deed, this should
avoid the contract and plaintiff be placed in the situa-
tion it occupied before it was entered into. *Bank v.
Hoeber*, 11 Mo. App. 475; s. c., 88 Mo. 37; *Elfelt v.*

*Snow*, 2 Sawyer, 94. (3) If it was the original inten-
tion of the defendants that the agreement under which
the releases were obtained should not be carried out,
then the plaintiff was deprived of its liens by actual
fraud. *Tolcott v. Henderson*, 27 Am. Rep. 501 ; *Oswego
v. Lendrain*, 42 Am. Dec. 53 ; *Goodwin v. Kerr*, 80 Mo.
276.

*B. R. Richardson* and *Edmund Burke* for defend-
ants in error.

(1) The acts of Carr, plaintiff's attorney, were rat-
ified by plaintiff. *Southgate v. Railroad*, 61 Mo. 89.
(2) The omission of the assignee to file an inventory or
discharge any other duty imposed cannot destroy the
rights of creditors. *Hardcastle v. Fisher*, 24 Mo. 70.
(3) The validity of the deed of assignment cannot be
questioned by those creditors who voluntarily, and with
full knowledge of all the circumstances, became parties
to it. *Burrows v. Jennings*, 7 Mo. 424. (4) The appel-
late court will not weigh the evidence and disturb the
verdict of the jury, or a court sitting as a jury, unless
there is no evidence at all upon which to base it. *Baum
v. Fryrear*, 85 Mo. 151 ; *Bank v. Murray*, 88 Mo. 191 ;
*Judy v. Bank*, 81 Mo. 404 ; *Chapman v. McIlwrath*, 77
Mo. 43 ; *Cox v. Cox*, 91 Mo. 71 ; *Chouteau v. Allen*, 70
Mo. 336 ; *Erskine v. Loewenstein*, 82 Mo. 301 ; *Taussig
v. Shields*, 26 Mo. App. 318.

NORTON, C. J.—This suit was commenced in the
Morgan county circuit court, on the twenty-fifth of
December, 1875, against defendant Wenger and Martin
Good, who has since died, and his heirs have been made
parties. The averments in the petition are substantially
as follows : That said Good for the purpose of securing to
plaintiff the payment of two promissory notes, executed
two deeds of trust on land situated in Morgan and

Moniteau counties, dated respectively on the seventh and tenth of February, 1873, conveying said land to John P. Carr as trustee; that subsequently defendant Good, for the purpose of defrauding the plaintiff, falsely and fraudulently represented to the plaintiff that he was indebted to other parties, and desired to make a *pro-rata* distribution of his property among all his creditors, and by fraudulent means induced plaintiff to execute deeds of release upon the property conveyed by the said deeds of trust, and thus surrender its security; that said Wenger was a party to the fraud of said Good, and that said false representations were made by Good and concurred in by Wenger so that they could enjoy said premises free from said trust lien; that by reason of said false representations plaintiff released, by quit-claim deeds, its deeds of trust, and said Good conveyed said lands to Wenger, who holds the same for his own benefit, and has neither attempted nor intends to dispose of said lands for the purpose of distributing the proceeds among creditors. The petition prays that the said deeds of release as well as the deeds from Good to Wenger be set aside, and that the lands be sold and the proceeds applied to the payment of the debt secured by said deeds of trust.

The answer of Wenger, after specifically denying all the allegations of fraud set forth in the petition, avers substantially as follows: That Good had numerous creditors including Wenger, besides the plaintiff; that the creditors of Good were about to put him into bankruptcy unless plaintiff would release its security, to which plaintiff consented; that, at a meeting of the creditors of Good, the plaintiff was represented by John P. Carr, an attorney-at-law; that, at the request of said Carr, Wenger consented to assume the responsibility of distributing such assets of Good as would be transferred to him *pro.rata* among the creditors of Good; that, in

all of his actions respecting said assets, he was guided by said Carr, plaintiff's attorney, to whom he paid various dividends on plaintiff's claim, and also paid various dividends to the other creditors of Good, setting forth the names of Good's creditors, the amount of their respective debts, the dividends paid them, expenses incurred in collecting the assets and in defending litigation. The answer admits that the lands conveyed to him by Good were held in trust by him for Good's creditors. Wenger then asks the court to relieve him from any further duties respecting said trust, and prays for the appointment of a new trustee to carry out said trust. This answer was denied by replication.

The evidence in the record abundantly establishes the following facts : That Good, who was indebted to plaintiff and various other persons, in February, 1873, executed the two deeds of trust mentioned in the petition to secure to plaintiff the payment of his indebtedness to it ; that other creditors of Good, becoming acquainted with the fact that plaintiff had thus obtained a preference, became dissatisfied and informed Carr, the trustee and plaintiff's representative, that they would put Good in bankruptcy unless plaintiff would release the deeds of trust ; that plaintiff, after being consulted by Carr, agreed to release its security ; that, at a meeting of the creditors held at Tipton, plaintiff was represented by said Carr, and another agent, and it was agreed by plaintiff as well as by the other creditors of Good, that one C. C. McClay be appointed assignee to whom Good would assign his assets for distribution among all his creditors ; that McClay declined to act as assignee, and at the suggestion of said Carr, plaintiff's agent and attorney, and other creditors, defendant Wenger was induced to act. The evidence satisfactorily shows that in pursuance of this arrangement, Good transferred his assets to Wenger; that Carr, as attorney, prepared the deeds of release from plaintiff to Good, and also the deeds from Good

The Moline Plow Co. v. Wenger.

and wife to Wenger to the lands in controversy; that Wenger, as assignee, gave bond in the sum of three thousand dollars; that the deed of assignment was not filed for record, said Carr, plaintiff's attorney, having informed Wenger that it was not necessary to file it for record; that Wenger collected some of the assets, and placed said lands in the hands of agents to be disposed of for the benefit of Good's creditors, and also placed in the hands of said Carr a considerable portion of the assets for collection; that said Wenger, in pursuance of his authority and duty, on the thirty-first of May, 1873, distributed among the creditors $776.34, $214.60 of which was received by said Carr as the attorney of plaintiff, and that, on the third of September, 1873, he made another distribution among the creditors of $283.29, $82.50 of which was also paid to said Carr for plaintiff; that neither of defendant's agents in whose hands he had placed said lands was able to dispose of the same at a fair price, when, in December, 1875, plaintiff, by filing for record in the office of the recorder for Morgan and Moniteau counties notices of the present suit, rendered a sale of the land impracticable.

It also appears from the evidence that Wenger never claimed any of the assets assigned by Good only to the extent of his distributive share as a creditor, and that, in the management of said assets, he relied upon the advice of said Carr, up to the time of his death.

In view of the evidence and the admission in defendant's answer that the land in controversy was only held by him in trust for the benefit of Good's creditors, under the arrangement made with them, the decree of the court in dismissing the bill and entering judgment for defendants was fully justified, and the judgment is hereby affirmed. All concur.